**Donald FONVILLE, Petitioner—Appellant,**

v.

**Sharon BOLTON, Superintendent, Respondent—Appellee.**

**No. 02–35762.**

**D.C. No. CV–01–01499–JCC.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided Aug. 14, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

### MEMORANDUM **

Donald Fonville appeals pro se the district court's denial of his 28 U.S.C. § 2254

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

petition. Fonville argues that his convictions are unlawful because the prosecutor violated his Fifth Amendment right not to testify by referring to his discussions with counsel.

We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm because, "under our precedent, prosecutorial comments on failure to testify only require reversal where such comment is extensive, where an inference of guilt from silence is stressed to the jury as a basis for conviction, and where there is evidence that could have supported acquittal." *Beardslee v. Woodford,* 327 F.3d 799, 825 (9th Cir.2003) (internal quotation omitted). Here, the prosecutor made a single comment regarding Fonville's discussions with counsel in the courtroom during trial in an attempt to identify him as the person speaking on several video tapes. This isolated comment, while referring to facts not in evidence, did not imply guilt from silence. Moreover, the trial court instructed the jury "not to consider under any circumstances any conversations during the course of th[e] trial between counsel and client." In these circumstances, the district court correctly determined that Fonville's petition should be denied. *United States v. Smith,* 282 F.3d 758, 769–70 (9th Cir.2002) ("We will not reverse when a prosecutorial comment is a single, isolated incident, does not stress an inference of guilt from silence as the basis for conviction, and is followed by a curative instruction.").

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.